IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 02-cv-02055-MSK-OES

AUSTIN COLE, by and through his next friend, LATICIA COLE, and
LATICIA COLE, individually,

        Plaintiffs,

v.

DICK SIMON TRUCKING, INC., a Utah corporation,
DOREL JUVENILE GROUP, INC., and
DOREL INDUSTRIES, INC.,

        Defendants.

---

## ORDER DENYING MOTION TO BIFURCATE TRIAL

---

THIS MATTER comes before the Court on a motion **(#210)** filed by Defendants Dorel Juvenile Group, Inc. ("DJG") and Dorel Industries, Inc. ("DI") to bifurcate the issues of liability and damages for separate trials. Having considered the motion and the responses **(#214, #215, #218)** and reply **(#217)** thereto, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

The Coles' claims arise from a motor vehicle collision involving a truck owned by Dick Simon Trucking, Inc. ("DST") and a vehicle in which Austin Cole was a passenger. At the time of the collision, Austin Cole was restrained in an infant car seat manufactured by either DJG or DI. The Coles allege that Austin Cole suffered severe injuries as a result of the collision,

including brain damage. They seek compensatory and punitive damages against DST for negligence, and against DJG and DI for negligence and product liability. DST asserts cross-claims against DJG and DI seeking to apportion liability. DJG and DI also assert a cross-claim against DST for contribution.

### III. Issue Presented

The Court must determine whether separate trials should be held on the issues of liability and damages.

### IV. Analysis

DJG and DI seek to bifurcate at trial the issues of liability and damages. They contend that bifurcation is warranted because: (1) the Coles will not be ready for trial until August 2006 with respect to the damages issue; (2) the liability issues can be tried in about five days, but the damages issues will require several weeks of trial; (3) there is little overlap as to the evidence pertaining to each issue; and (4) DJG and DI will be prejudiced because the jury's sympathy will "color its determination of liability." The Coles and DST oppose bifurcation. They contend that the jury must hear evidence as to both causation and damages in order to allocate fault during the liability phase of the trial. They also contend that the majority of witnesses are being called to testify as to both issues and that judicial economy would not be furthered by bifurcation.

The motion is premature. Although the parties have engaged in extensive motion practice, discovery is incomplete and it does not appear that a comprehensive scheduling order has been entered. There is no trial setting or pretrial order. Therefore, the arguments in support of bifurcation are speculative at this juncture. Until discovery is completed, a trial date is set, and a pretrial order is entered, the Court cannot discern whether the liability and damage evidence is

intertwined or whether two trials would be superior to one.

**IT IS THEREFORE ORDERED** that the motion **(#210)** to bifurcate is **DENIED,** as premature. The motion may be renewed after the issuance of a pretrial order.

**IT IS FURTHER ORDERED** that:

1. The Magistrate Judge will issue a comprehensive scheduling order within the next 30 days.

2. The parties will obtain a trial setting forthwith upon the issuance of the scheduling order.

Dated this 14th day of September, 2005.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge