IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-02055-MSK-MEH

AUSTIN COLE, by and through his next friend, LATICIA COLE, and LATICIA COLE, Individually

    Plaintiffs,

vs.

DICK SIMON TRUCKING, INC., a Utah Corporation,
DOREL JUVENILE GROUP, INC., and
DOREL INDUSTRIES, INC.,

    Defendants.

_____

**ORDER ON:**
**DEFENDANT DICK SIMON TRUCKING'S MOTION TO STRIKE ARTHUR ATKINSON OR, IN THE ALTERNATIVE, MOTION TO EXTEND DISCOVERY DEADLINE WITH REGARD TO ARTHUR ATKINSON**
**and**
**COUNTER MOTION OF PLAINTIFFS TO REQUIRE THE INSURER OF DICK SIMON TRUCKING TO PAY FUTURE PREPARATION COSTS OF ART ATKINSON AND PLAINTIFFS' ATTORNEY FEES**

_____

The mere recitation of the onerous titles of the motions referenced above are an accurate signal that something went terribly wrong during the time that the parties were supposed to be cooperating in concluding discovery and getting this old case prepared for trial. These matters (first raised in Docket #258 and further briefed at Docket ##259, 261, 265 & 266) have been referred to this Court (Docket #260). The matters are fully briefed, and oral argument would not materially assist the Court in adjudicating the motions. For the reasons stated below, the Court **grants** the Defendant's motion in part and **denies** it in part and **denies** the Plaintiffs' motion.

**I.  Facts**

This lawsuit arose out of an automobile accident between Plaintiffs and Defendant Dick Simon Trucking. Plaintiff Austin Cole, a minor, who was sitting in a child car seat, was injured in that accident, and Plaintiffs have also sued the manufacturer of the child car seat. Discovery was originally ordered to be concluded by **September 12, 2003** (Docket #16). It was extended to December 31, 2003 (Docket #49), then to October 1, 2004 (Docket #93), and then to January 3, 2006 (Docket #250), finally modified to January 1, 2006 (Docket #255). The case was filed nearly three and a half years ago.

The current dispute involves Defendants' effort to take the deposition of one of Plaintiffs' witnesses, Arthur Atkinson. The relevant facts concerning this effort are as follows: Defense counsel originally requested Anderson's deposition in May of 2005. Plaintiffs' counsel advised that Atkinson would not be available until August 2005. Due to Plaintiffs' counsel's schedule, the parties could not agree on a date in either August or September 2005. With the discovery deadline of January 1, 2006 fast approaching, the parties and Atkinson finally agreed on a date of December 16, 2005. This agreement was made on August 29, 2005, and the notice of deposition was issued on September 7, 2005. On December 5, 2005, Plaintiffs' counsel notified defense counsel that Atkinson "must have a check [for his testimony] in hand . . . no later than December 15, 2005," or else Atkinson would not appear for his deposition. There was no agreement prior to this notice concerning payment of Atkinson. Defendant Dick Simon Trucking contacted its insurance carrier and prevailed upon it to issue a check. The record indicates that defense engaged in good faith efforts to meet Atkinson's demand. There was some trouble actually having the money in Atkinson's hands by the morning of December 16. Ultimately, in a desperate attempt to have this deposition go forward within the

discovery period, on the morning of December 16, the Defendant's insurance carrier committed to Atkinson that (1) he would have the check within a day (and offered to provide the federal express tracking information), or else (2) it would wire the money to Atkinson's bank, or else (3) it would send Atkinson a facsimile declaration that the check was sent that day for delivery on December 17, 2005. Atkinson declined all offers and refused to appear for the deposition in Phoenix, Arizona, for which defense counsel was literally in the process of traveling by air. An attempt to quickly reschedule proved unavailing, because Atkinson stated that he is unavailable until June 26, 2006.

## II.    Discussion

### A.    Defendant's Motion to Strike or to Extend Discovery

It appears to this Court that Plaintiffs' witness is holding hostage the completion of discovery. Whatever may be said about defense counsel's or defense insurer's efforts in complying with Atkinson's belated demand for payment up front, with all the trouble it took to arrange his deposition, and with the age of this case, Atkinson was given sufficiently reasonable and enforceable assurances that payment would be forthcoming. It was not reasonable for him to unilaterally refuse to attend his deposition.

For this reason, the Court will permit the discovery period to be extended for the sole purpose of deposing Atkinson, and Defendant's motion to that extent is **granted**. The discovery period is extended until March 31, 2006. The Defendant's motion to strike Atkinson as a witness is **denied without prejudice** with leave to refile if Atkinson does not make himself available by March 31, 2006.

### B.    Plaintiffs' Counter Motion to Require Insurer to Pay Future Preparation Costs

**and Fees**

The Court does not believe Plaintiffs' counter motion is well founded and, in fact, believes it borders on abusive litigation tactics. The Court does not fault defense counsel for not issuing a subpoena to Atkinson, because it appeared that all aspects of accomplishing his deposition had been achieved through cooperation (albeit involving a somewhat disturbing lack of advance notice as to the payment requirement). There is no indication that Plaintiffs' counsel attempted to intervene with Atkinson and persuade him to go forward with the deposition. This lack of cooperation is also troubling to the Court. Further, the Court does not believe that Defendant should be responsible for any additional deposition-related costs that are occasioned primarily by Atkinson's uncooperative conduct.

For these reasons, Plaintiffs' Counter Motion to Require the Insurer of Dick Simon Trucking to Pay Future Preparation Costs of Art Atkinson and Plaintiffs' Attorney Fees is **denied**. All parties will be responsible for their own attorney's fees, and Defendant will be responsible for the Atkinson's costs or fees that it was required and prepared to pay had the deposition occurred on December 16, 2005.

**III.   Conclusion**

As set forth above, Defendant Dick Simon Trucking's Motion to Strike or, in the Alternative, Motion to Extend Discovery is **granted** in part and **denied** in part. Specifically, Defendant's Motion to Extend Discovery is **granted** as outlined herein, and the Motion to Strike is **denied** without prejudice. Plaintiffs' Counter Motion for Future Preparation Costs of Art Atkinson and Attorney Fees is **denied**, and each party will pay their own costs and fees associated with these motions.

Dated at Denver, Colorado, this 24th day of February, 2006.


BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge